J-A24044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RASHAD JAMAUL BRISCOE, | : | |
| | : | |
| Appellant | : | No. 651 WDA 2017 |

Appeal from the PCRA Order August 25, 2016
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0016221-2008

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED OCTOBER 31, 2017**

Rashad Jamaul Briscoe ("Briscoe") appeals from the Order denying his Petition for relief filed pursuant the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In November 2009, Briscoe was convicted of second-degree murder, robbery, and other offenses.  On December 3, 2009, the trial court imposed an aggregate sentence of life in prison, plus 14 to 28 years.  On direct appeal, this Court vacated the sentence imposed for robbery, but in all other respects affirmed Briscoe's judgment of sentence.  **See Commonwealth v. Briscoe**, 47 A.3d 1252 (Pa. Super. 2012) (unpublished memorandum).  Briscoe did not seek allowance of appeal with the Pennsylvania Supreme Court.

In the interim, while Briscoe's direct appeal was pending, he filed a *pro se* PCRA Petition on December 3, 2010 (hereinafter the "2010 PCRA

Petition").[1]  Notably, Briscoe was represented by counsel at the time he filed the 2010 PCRA Petition, and the trial court thus did not respond to or rule on it.

Briscoe filed the instant PCRA Petition, *pro se*, on April 5, 2016 (hereinafter the "2016 PCRA Petition").[2]  Briscoe titled the 2016 PCRA Petition as an "amendment/supplement" to the 2010 PCRA Petition.  In response, the PCRA court appointed Briscoe PCRA counsel.  PCRA counsel thereafter filed an Amended PCRA Petition and brief in support thereof, again challenging the effectiveness of Briscoe's direct appeal counsel for failing to seek allowance of appeal with the Pennsylvania Supreme Court.[3]

On July 22, 2016, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intention to Dismiss the 2016 PCRA Petition without an evidentiary hearing, stating that the court lacked jurisdiction to

---

[1] The 2010 PCRA Petition consisted of only one paragraph, and alleged that Briscoe's trial counsel was ineffective for failing to file a direct appeal.  In actuality, counsel did file a direct appeal.

[2] The sole claim that Briscoe presented in the 2016 PCRA Petition was that his direct appeal counsel was ineffective for failing to seek allowance of appeal with the Pennsylvania Supreme Court, following this Court's decision in the direct appeal.

[3] PCRA counsel subsequently filed a Motion to Withdraw as counsel, and an accompanying brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Therein, counsel asserted his belief that the PCRA court lacked jurisdiction based on the untimeliness of the 2016 PCRA Petition, and that Briscoe's filing of the 2010 PCRA Petition did not toll the PCRA's timeliness requirement.

address the Petition because it was untimely filed. The PCRA court asserted

therein, *inter alia*, as follows:

> The fact that [Briscoe] filed another *pro se* PCRA Petition on December 3, 2010[,] does not toll the time[liness requirement] nor make [the 2016] PCRA Petition timely. Th[e 2010 PCRA] [P]etition was improper[,] as [Briscoe] was represented by counsel at the time, and the trial court was without jurisdiction to hear any PCRA Petition due to the pendency of [Briscoe's] appeal.

Notice of Intention to Dismiss, 7/22/16, at 1 (unnumbered). Briscoe filed a

*pro se* Response to the Notice of Intention to Dismiss.

By an Order entered on August 25, 2016, the PCRA court denied the

2016 PCRA Petition. Briscoe then filed a timely, *pro se* Notice of Appeal.[4]

Briscoe now presents the following question for our review: "Whether

the PCRA [c]ourt erred by ruling that [Briscoe's] PCRA [P]etition was untimely

filed and, as such, the PCRA court had no jurisdiction?" Brief for Appellant at

4.

Any PCRA petition must be filed within one year of the date the

judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment

of sentence becomes final "at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review." *Id.* § 9545(b)(3). "This Court has repeatedly stated that the PCRA

timeliness requirements are jurisdictional in nature and, accordingly, a PCRA

---

[4] The PCRA court later appointed Briscoe's current counsel to represent him in connection with this appeal.

court cannot hear untimely PCRA petitions." *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that a PCRA petition cannot be addressed unless the PCRA court has jurisdiction, and jurisdiction does not exist if the PCRA petition is untimely filed). In addition, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Ligons*, 971 A.2d 1125, 1164 (Pa. 2009) (citation and brackets omitted); *see also Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (stating that "a court has no authority to extend filing periods except as the [PCRA] statute permits").

In this case, Briscoe did not seek discretionary review in the Supreme Court of Pennsylvania following this Court's decision on direct appeal. Accordingly, his judgment of sentence became final in April 2012. Briscoe did not file the 2016 PCRA Petition until April 5, 2016, approximately three years after his judgment of sentence became final. Accordingly, the 2016 PCRA Petition is facially untimely under the PCRA. However, Briscoe asks this panel to deem the 2016 PCRA Petition timely filed, and in the nature of an amendment to the prior 2010 PCRA Petition.[5]

Briscoe argues that "the PCRA court erred in ruling that it had no jurisdiction when the premature [2010] PCRA Petition was never ruled upon

---

[5] The 2010 PCRA Petition was filed within one year of the date on which Briscoe's judgment of sentence became final.

and, as such, was held in abeyance until the direct appeal had concluded." Brief for Appellant at 14. According to Briscoe, "[t]he case law seems to suggest that once the direct appeal has been concluded, the premature PCRA petition can be addressed and the PCRA court would have had jurisdiction." *Id.* at 13. Briscoe asserts that "[i]f the PCRA court had denied the premature [2010] PCRA [P]etition, the case law is clear that the PCRA court's ruling would have been a correct one. However, the PCRA court took no action[,]" *i.e.*, on the 2010 PCRA Petition. *Id.*; *see also* Reply Brief for Appellant at 3-4 (asserting that "[Briscoe's 2010] PCRA Petition was never ruled upon in any form. As such, it was resuscitated[,]" *i.e.*, upon the filing of the 2016 PCRA Petition).

In *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003), our Supreme Court reiterated the strict and absolute jurisdictional nature of the PCRA's time bar, stating as follows:

> In the past several years, this Court has weighed in upon the validity of various theories devised to avoid the effects of the [PCRA's] one-year time limitation …. *See*, *e.g.*, … [] *Rienzi*, [] 827 A.2d 369 [] (Superior Court erred in attempting to circumvent PCRA time-bar by treating untimely, second PCRA petition as if it were amendment to timely but withdrawn first petition); … *Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232 (Pa. 2001) (PCRA petitioner cannot pursue reinstatement of direct appeal rights *nunc pro tunc* outside framework of PCRA); *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 202 (Pa. 2000) (rejecting claim that applicability of PCRA's time-bar depends on nature of constitutional violations alleged in petition; "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); []

- 5 -

> ***Fahy***, [] 737 A.2d [at] 222 [] (PCRA "jurisdictional time limitation is not subject to equitable principles such as tolling").

***Robinson***, 837 A.2d at 1157-58. The ***Robinson*** Court held that

> the language of the PCRA [does not] contemplate[] or permit[] a court to innovate a non-textual exception to the PCRA's time-bar by indulging the fiction that a second or subsequent PCRA petition is an 'extension' of a previous petition which was rejected on the merits in an order that has since become final.

***Id.*** at 1161; ***see also id.*** at 1158 (stating that "[t]he 'extension' theory is similar to the PCRA 'amendment' theory[,] which we disapproved in ***Rienzi***[, ***supra***.] Since the Superior Court's innovation of this non-textual exception to the PCRA's time requirement is no less clearly erroneous, it must meet the same fate as the theory in ***Rienzi***.").

In ***Rienzi***, the defendant filed a timely first PCRA petition after the conclusion of his direct appeal, but later withdrew the petition. ***Rienzi***, 827 A.2d at 370. Several months later (and after the expiration of the PCRA's one-year time bar), the defendant, represented by new counsel, filed a second PCRA petition. ***Id.*** On appeal, our Supreme Court reversed this Court's decision that the untimely second petition should be treated as an amended first petition, and stated as follows:

> [*W*]*e reject the instant attempt by the Superior Court to circumvent the PCRA time-bar by treating the second PCRA petition as an amendment to the first petition, where, as here, the second petition was filed after the expiration of the PCRA filing deadline*. Moreover, we note that the Superior Court ignored the fact that the petition was withdrawn and, therefore, there was nothing pending before the PCRA court that [the defendant] could "amend."

***Rienzi***, 827 A.2d at 371 (emphasis added).

Like the Court in ***Rienzi***, we reject Briscoe's attempt to circumvent the PCRA's jurisdictional time bar by treating the 2016 PCRA Petition as an amendment to the 2010 PCRA Petition, where the 2016 PCRA Petition was filed well after the expiration of the PCRA's filing deadline. ***See id.*** Briscoe attempts to distinguish ***Rienzi*** by pointing out that, unlike ***Rienzi***, Briscoe never withdrew the 2010 PCRA Petition. ***See*** Reply Brief for Appellant at 3. Nevertheless, as in ***Rienzi***, Briscoe's 2010 PCRA Petition was a legal nullity, "and, therefore, there was nothing pending before the PCRA court that [Briscoe] could 'amend.'" ***Rienzi***, 827 A.2d at 371.

The 2010 PCRA Petition was a nullity for two reasons. First, Briscoe filed it while his direct appeal was pending. ***See Commonwealth v. Seay***, 814 A.2d 1240, 1241 (Pa. Super. 2003) (stating that "[i]nasmuch as [a]ppellant's direct appeal is still pending…, it is patently clear that this PCRA petition is premature, and we must quash it."); ***Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (stating that "[a]ppellant filed a premature PCRA petition … while his direct appeal was still pending. The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final."). Second, Briscoe was represented by counsel at the time he filed the 2010 PCRA Petition. Accordingly, the prohibition on "hybrid representation" precluded the trial court from ruling on the merits of Briscoe's *pro se* 2010 PCRA Petition. ***See***

*Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (stating that "the proper response to any *pro se* pleading is to refer the pleading to counsel, *and to take no further action on the pro se pleading* unless counsel forwards a motion") (emphasis added, citations omitted); *see also Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (stating that "[t]here is no constitutional right to hybrid representation either at trial or on appeal") (citation omitted); *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect").

Moreover, the case upon which Briscoe primarily relies, *Commonwealth v. Leslie*, 757 A.2d 984 (Pa. Super. 2000), is unavailing. *See* Brief for Appellant at 18-22. In *Leslie*, where the defendant had filed a *pro se* PCRA petition shortly prior to filing a direct appeal, this Court held that (1) the trial court erred in failing to dismiss the PCRA petition as premature, and in proceeding on the merits of the petition during the pendency of the direct appeal; and (2) on remand, new counsel shall be appointed to defendant to assist him in amending his PCRA petition. *Leslie*, 757 A.2d at 985-86. According to Briscoe, "in *Leslie*, this [] Court ruled that if [a] premature PCRA petition was never denied during the pendency of the direct appeal, the petitioner could later file amended PCRA petitions, which would not be time-barred because the amended PCRA petitions would revert back to the original premature PCRA petition." *Id.* at 21; *see also id.* at 22

(asserting that "[a]ccording to *Leslie*, if the [2010] PCRA Petition was never denied, then [Briscoe] could simply file an amended PCRA petition when the [direct] appeal had concluded, which would be considered timely filed because it would revert back to the original[,] premature [2010] PCRA [P]etition.").

First, Briscoe mischaracterizes the actual holding in *Leslie*. The *Leslie* Court did not hold that a patently untimely, second PCRA petition can "revive" or amend an earlier PCRA petition that was filed during the pendency of a direct appeal. Moreover, *Leslie* is distinguishable from the instant case because the defendant in *Leslie* filed his PCRA petition *prior* to the trial court's losing jurisdiction upon the defendant's filing the notice of appeal. In the instant case, however, the trial court was divested of jurisdiction to address the 2010 PCRA Petition upon Briscoe's filing his direct appeal, and, in any event, the trial court properly disregarded the 2010 PCRA Petition as an improper hybrid filing. *See Jette*, *supra*.

Accordingly, the 2016 PCRA Petition is untimely. However, Pennsylvania courts may consider an untimely PCRA Petition if the petitioner can plead and prove one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). "*[I]t is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." *Commonwealth v.*

***Crews***, 863 A.2d 498, 501 (Pa. 2004) (citations omitted, emphasis in original). Here, Briscoe did not invoke any of the section 9545(b)(1) timeliness exceptions in the 2016 PCRA Petition, or acknowledge that the Petition was untimely. ***See id.***; ***see also Commonwealth v. Lark***, 746 A.2d 585, 589-90 (Pa. 2000) (stating that couching an argument in terms of ineffectiveness of counsel cannot save a petition that does not fall into an exception to the PCRA's jurisdictional time bar).

Based on the foregoing, the PCRA court properly denied Briscoe's 2016 PCRA Petition as being untimely, and both the PCRA court and this Court lack jurisdiction to address the merits of Briscoe's claims.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017