COMMONWEALTH of Pennsylvania,
Appellee

v.

Duan SEAY, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 15, 2002.

Filed Jan. 6, 2003.

Duan Seay, appellant, pro se.

Michelle P. Hutton, Asst. Dist. Atty., Media, for Com., appellee.

Before: JOHNSON, BENDER and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 This is an appeal *pro se* from the order entered on November 8, 2001, in the Court of Common Pleas, Delaware County, which denied Appellant Duan Seay's first petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. The PCRA court dismissed Appellant's petition as untimely. Upon review, we quash this premature appeal and remand with instructions to the trial court to transmit Appellant's direct appeal to the Prothonotary of this Court for docketing.

¶ 2 The unique facts and procedural history of this case are as follows: On May 1, 1998, Appellant was sentenced to 26½ to 53 years imprisonment on charges of robbery, theft by unlawful taking, possession of a firearm without a license, criminal conspiracy and related offenses. Appellant filed a Notice of Appeal to this Court on June 1, 1998, which, after investigation, we have discovered was never received by the Prothonotary of this Court. Thereafter, the trial court drafted a Pa.R.A.P.1925(a) Opinion finding all of Appellant's claims on direct appeal waived. However, the record is without any indication that the Superior Court entered a final adjudication regarding Appellant's direct appeal.

¶ 3 On November 9, 2000, Appellant filed the present PCRA petition. Appointed counsel then filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550

A.2d 213 (1988), and requested to withdraw from the case. Thereafter, on August 13, 2001, the PCRA court sent notice to Appellant of its intent to dismiss Appellant's petition without a hearing. Appellant responded to the PCRA court's notice of intent to dismiss by making an allegation of after-discovered evidence of counsel's ineffectiveness to prevent jury tampering. The PCRA court requested PCRA counsel to investigate Appellant's claim. However, Appellant withdrew this claim *via* letter on October 21, 2001. Thereafter, on November 8, 2001, the PCRA court dismissed Appellant's petition.

¶ 4 We consider first whether Appellant's petition is premature. Inasmuch as Appellant's direct appeal is *still pending* because the Prothonotary of this Court never received Appellant's Notice of Appeal, it is patently clear that this PCRA petition is premature, and we must quash it. *See Commonwealth v. Kubis*, 2002 PA Super 296, at ¶ 4, n. 4, 808 A.2d 196 (holding the PCRA has no applicability until the judgment of sentence becomes final). The failure of the Delaware County Clerk of Courts to comply with Pa.R.A.P. 905(b)[1] by transmitting Appellant's Notice of Appeal to this Court has resulted in a delay of over two years in the final disposition of Appellant's case. Therefore, we are compelled to remand with instructions to the Delaware County Clerk of Courts to transmit Appellant's Notice of Appeal to the Prothonotary of this Court in compliance with Pa.R.A.P. 905(b), and for the trial court to appoint new counsel for Appellant's direct appeal.

¶ 5 At this point, we must voice our extreme displeasure with Appellant's appointed PCRA counsel. As indicated above, appointed counsel sought to withdraw pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). *Turner* and *Finley* require that competent counsel conduct an independent review of the record before a motion to withdraw is granted. *See Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915, 928 n. 22 (1994). Here, had counsel conducted a proper review of the record, it would have become clear to him that Appellant's direct appeal had not yet been adjudicated. Counsel's failure to conduct an independent review of the record runs flatly contrary to the mandates of *Turner* and *Finley* and falls far short of the level of competency presumed for attorneys in this Commonwealth. Although appointed counsel has already withdrawn in this case, we instruct the trial court not to compensate former PCRA counsel for any attorney's costs associated with this litigation.

¶ 6 In sum, we quash Appellant's appeal from the denial of his PCRA petition because the petition is premature, and we remand to the trial court so that the Clerk of Courts may transmit Appellant's direct appeal to the Prothonotary of this Court. Lastly, we instruct the trial court to appoint new counsel to represent Appellant on his direct appeal.

¶ 7 Appeal quashed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

1. Pennsylvania Rule of Appellate Procedure 905(b) states, in pertinent part: The clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal showing the date of receipt, the related proof of service and a receipt showing collection of any docketing fee in the appellate court required under Subdivision (c).