J-A25010-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| SONYA L. HEALY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERANCE HEALY, | : | |
| | : | |
| Appellant | : | No. 1330 EDA 2013 |

Appeal from the Order entered April 5, 2013,
Court of Common Pleas, Montgomery County,
Civil Division at No. 2007-12477

BEFORE: DONOHUE, WECHT and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　　　**FILED OCTOBER 27, 2014**

Terance Healy ("Husband") appeals *pro se* from the order entered on April 5, 2013 by the Montgomery County Court of Common Pleas, Civil Division, granting Sonya L. Healy's ("Wife") May 18, 2012 petition, which requested that the trial court calculate Husband's penalty for failing to comply with the trial court's September 27, 2011 order and offset his remaining share of the marital estate with the fines assessed against him. For the reasons that follow, we affirm.

This case presents a procedural quagmire complicated by the Montgomery County Clerk of Courts' failure to conform to the Pennsylvania Rules of Appellate Procedure. The relevant facts and procedural history of this case are as follows. On May 9, 2011, the trial court issued a divorce decree and equitable distribution order which ended Husband and Wife's

---

*Retired Senior Judge assigned to the Superior Court.

marriage and included specific instructions to Husband and Wife for apportioning the marital property. Following this order, Husband filed numerous petitions with the trial court in an effort to, *inter alia*, vacate the May 9, 2011 divorce decree and equitable distribution order and prevent the sale of the marital residence. On July 14, 2011, Wife filed a response to these petitions and a counter-petition seeking sanctions based on Husband's frivolous filings. On July 19, 2011, the trial court entered an order requiring Husband and Wife to exchange certain items of martial property and dismissing any remaining petitions as moot, except for Wife's July 14, 2011 counter-petition for sanctions. Husband continued filing petitions with the trial court seeking, *inter alia*, to prevent the sale of the marital residence and the exchange of marital property.

On August 15, 2011, Husband filed a notice of appeal from the May 9, 2011 divorce decree and equitable distribution order. On August 22, 2011, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On September 15, 2011, Husband filed an untimely Rule 1925(b) statement. On October 19, 2011, the trial court filed its 1925(a) opinion in which it found Husband's appeal to be untimely and requested that this Court quash the appeal. For reasons that are unclear, the record reflects that the trial court never transmitted Husband's August 15, 2011 notice of appeal to our Court. However, the record does reveal

that on September 20, 2011, Husband filed a motion to proceed *in forma pauperis* with this Court. On October 14, 2011, our Court denied this motion because we had no record of Husband having an appeal pending before this Court.

On September 27, 2011, the trial court granted Wife's counter-petition for sanctions and denied several of the petitions that Husband had filed subsequent to the July 19, 2011 order. The trial court ordered Husband to pay Wife's attorneys' fees totaling $13,750.00, which it deducted from his share of the proceeds from the sale of the marital residence. Additionally, the trial court decreed that it would begin fining Husband $100.00 per day for each day that he did not execute the forms necessary for Wife to transfer the retirement account funds that she owed him pursuant to the May 9, 2011 equitable distribution order. The trial court further decreed that it would begin fining Husband another $500.00 per day ($100.00 per item) for each day he failed to return five enumerated pieces of property to Wife.

On May 18, 2012, Wife filed a petition seeking the enforcement of the September 27, 2011 order, which included a request for the trial court to calculate Husband's penalties for failing to comply with that order and to reduce Husband's share of the marital estate in accordance with those penalties.[1] Following this petition, Husband filed numerous additional petitions, including a response and counter-petition to Wife's May 18, 2012

_____

[1] Wife filed a duplicate petition on May 23, 2012.

- 3 -

petition, that, *inter alia*, sought to prevent the enforcement of the May 9, 2011, July 19, 2011, and September 27, 2011 orders.

On April 5, 2013, the trial court issued an order granting Wife's petition and denying Husband's petitions. The trial court awarded Wife another $5,016.50 in attorneys' fees. Based on the September 27, 2011 order, the trial court determined that Husband owed fines under that order of $311,726.50. The trial court offset this amount by $180,710.58, which represented Husband's remaining share of the proceeds from the sale of the marital residence and his share of Wife's retirement account. The trial court found Husband's total remaining penalty to be $131,005.92.

On April 29, 2013, Husband filed a notice appeal from the April 5, 2013 order. On May 2, 2013, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). On May 17, 2013, Husband filed a timely Rule 1925(b) statement. This appeal is presently before our Court.

We begin by pointing out that Husband's brief is mostly incomprehensible. Had it not been for the trial court's Rule 1925(a) opinion, it would have been impossible to discern what issues Husband is raising on appeal. Additionally, Husband's brief fails to comply with several of the briefing requirements of the Pennsylvania Rules of Appellate Procedure, including, *inter alia*, the following violations. Husband's brief is wholly missing the following required sections in his brief: Statement of

Jurisdiction, Pa.R.A.P. 2114; Order or Other Determination in Question, Pa.R.A.P. 2115; Statement of Questions Involved, Pa.R.A.P. 2116; Statement of the Case, Pa.R.A.P. 2117; and Summary of the Argument, Pa.R.A.P. 2118. *See* Husband's Brief at 3-23. Likewise, Husband has failed to append to his brief the trial court's Rule 1925(a) opinion and his Rule 1925(b) statement. *See* Pa.R.A.P. 2111(b), (d). Furthermore, the argument section of Husband's brief violates several subsections of Rule 2119. *See* Pa.R.A.P. 2119, Husband's Brief at 3-23. For example, the argument section of Husband's brief violates subsection (a) of Rule 2119 because he did not divide it into as many parts as there are questions argued. *See* Pa.R.A.P. 2119(a), Husband's Brief at 3-23. Based on the incomprehensible nature of Husband's brief and the several briefing infractions that he has committed, we would be well within our authority to quash or dismiss this appeal. *See* Pa.R.A.P. 2101; *see also Booher v. Olczak*, 797 A.2d 342, 344 (Pa. Super. 2002) ("This Court may quash an appeal pursuant to Rule of Appellate Procedure 2101 if defects in the brief or reproduced record are substantial.").

We conclude that based upon the substantial defects in Husband's brief, effective appellate review is impossible and the bulk of his arguments have not been preserved. However, we find that Husband has preserved one issue for review. From what we are able to discern from Husband's Brief and Rule 1925(b) statement, he consistently complains that the trial court

did not have the authority to act on the instant matter following his August 15, 2011 notice of appeal because that appeal was pending before this Court. **See** Husband's Brief at 3-4; 1925(b) Statement at 3. Thus, Husband contends that the trial court did not have the jurisdiction to issue the September 27, 2011 order, in which the trial court granted Wife's counter-petition for sanctions. **See id.** Husband likewise asserts that the trial court did not have jurisdiction to enter the April 5, 2013 order, in which the trial court fined him $311,726.50 and offset that amount with his remaining share of the marital estate. **See id.**

In support of this claim, Husband relies on Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure, which provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). However, Rule 1701(b)(2) states that "[a]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may … [e]nforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter." Pa.R.A.P. 1701(b)(2). Moreover, our Court has held that "trial court[s] possess inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with their orders. This power is retained even after an appeal is filed, absent supersedeas." **Tanglwood Lakes Cmty. Ass'n v. Laskowski**, 616 A.2d

37, 39 (Pa. Super. 1992) (internal citation and quotations omitted) (quoting

***Travitzky v. Travitzky***, 534 A.2d 1081, 1084 n.3 (Pa. Super. 1987)).   In

regards to a supersedeas, Rule 1731 provides:

> **(a) General rule.** Except as provided by subdivision (b), an appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid. Where the amount is payable over a period of time, the amount found due for the purposes of this rule shall be the aggregate amount payable within 18 months after entry of the order.
>
> **(b) Domestic relations matters.** An appeal from an order of child support, spousal support, alimony, alimony pendente lite, equitable distribution or counsel fees and costs shall operate as a supersedeas only upon application to and order of the trial court and the filing of security as required by subdivision (a). The amount and terms of security shall be within the discretion of the trial court.

Pa.R.A.P. 1731.

We conclude that the trial court did not err by issuing the September

27, 2011 and the April 5, 2013 orders.  Husband's reliance on Rule 1701(a)

is misguided.  Even though Husband had filed a notice of appeal from the

May 9, 2011 equitable distribution order, Rule 1701(b)(2) permitted the trial

court to enforce that order.  ***See*** Pa.R.A.P. 1701(b)(2).  One of the purposes

of the September 27, 2011 order was the trial court's continued attempt to

enforce the May 9, 2011 equitable distribution order by requiring Husband to

execute documents necessary for a retirement account rollover pursuant to the May 9, 2011 order. *See* Trial Court Order, 9/27/11, at 1. Rule 1701(b)(2) likewise permitted the trial court to issue the April 5, 2013 order because the purpose of that order was the enforcement of both the May 9, 2011 equitable distribution order and the September 27, 2011 order. *See* Trial Court Order, 4/5/13, at 1-3.

Additionally, the trial court did not grant Husband a supersedeas pursuant to Rule 1731(b), which would have stayed the matter before the trial court. Although Husband filed numerous petitions seeking a stay or injunction in the case, the record does not reflect that Husband ever sought, or that the trial court ever granted, a supersedeas pursuant to Rule 1731(b). Therefore, the trial court properly enforced its orders by imposing financial penalties against Husband for his lack of compliance with those orders.

Although Rule 1701(b)(2) permitted the trial court to enforce its orders, we cannot overlook the Montgomery County Clerk of Courts' failure to comply with Rule 905(b) of the Pennsylvania Rules of Appellate Procedure. Rule 905(b) requires a Clerk of Courts to "immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal showing the date of receipt, the related proof of service and a receipt showing collection of any docketing fee in the appellate court required under Subdivision (c)." Pa.R.A.P. 905(b). On August 15, 2011, Husband filed a notice of appeal from the May 9, 2011 divorce decree

and equitable distribution order. Pursuant to Rule 905(b), the Clerk of Courts should have immediately transmitted the notice of appeal to this Court. *See* Pa.R.A.P. 905(b). As stated above, however, this did not occur. Accordingly, the Montgomery County Clerk of Courts failed to comply with Rule 905(b).

The Montgomery County Clerk of Courts' failure to comply with Rule 905(b) occurred even in the face of several events that should have put the Clerk on notice that Husband filed a notice of appeal that he or she needed to transmit to the Superior Court. For example, the trial court was clearly aware that Husband had filed a notice of appeal. Following the filing of the August 15, 2011 notice of appeal, the trial court ordered Husband to file a Rule 1925(b) statement and issued a Rule 1925(a) opinion. The Clerk of Courts also should have known there was an issue with Husband's appeal when this Court denied Husband's motion to proceed *in forma pauperis* because our Court had no record of Husband having an appeal pending before the Court. The Clerk of Courts received the order denying Husband's motion to proceed *in forma pauperis* as it is part of the certified record on appeal.[2]

Therefore, we must determine whether Husband's rights were adversely affected by the Montgomery County Clerk of Courts' failure to

---

[2] In a related matter, Husband also should have realized at this point that the Montgomery County Clerk of Courts did not transmit his appeal to our Court, or, at the very least, that there was a problem with his appeal.

comply with Rule 905(b). This Court encountered a somewhat similar scenario in **Commonwealth v. Seay**, 814 A.2d 1240 (Pa. Super. 2003). **Seay** involved an appellant's appeal from the denial of his Post Conviction Relief Act ("PCRA") petition. **Id.** at 1240-41. The appellant, following his conviction and sentencing, filed a **timely** notice of appeal, which the Delaware County Clerk of Courts never transmitted to our Court. **Id.** at 1240. A panel of this Court quashed the appellant's appeal from the denial of his PCRA petition holding that it was premature because he already had an appeal pending and the PCRA was not applicable until a judgment of sentence became final. **Id.** at 1241. Accordingly, the panel remanded the case to the trial court with instructions for the Delaware County Clerk of Courts to transmit the appellant's original notice of appeal to this Court for resolution of his direct appeal. **Id.**

Here, however, Husband filed his notice of appeal from the May 9, 2011 divorce decree and equitable distribution order on August 15, 2011. Husband's notice of appeal was clearly untimely. **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Husband contends that the May 9, 2011 divorce decree and equitable distribution order was not a final order, and that the trial court did not affirm it as final until the July 19, 2011 order. Husband's argument is meritless because this Court has held that a divorce decree is a final,

appealable order. **Wilson v. Wilson**, 828 A.2d 376, 378 (Pa. Super. 2003). Our Court explained:

> Unless otherwise permitted by statute or rule, an appeal will lie only from a final order. Pa.R.A.P. 341. A final order has been defined as one which ends the litigation or disposes of the entire case. Pa.R.A.P. 341. Therefore, a pre-divorce decree distributing marital property is interlocutory. It cannot be reviewed until it has been rendered final by the entry of a decree in divorce.

**Id.** (internal citation omitted). Thus, the May 9, 2011 divorce decree and equitable distribution order was a final, immediately appealable order from which Husband had 30 days to file a notice of appeal. **See id.**; Pa.R.A.P. 903(a).

Although we admonish the Clerk of Courts of Montgomery County for failing to transmit Husband's August 15, 2011 notice of appeal to our Court, the fact remains that Husband's August 15, 2011 appeal was clearly untimely, and if we had received that appeal, we would have dismissed it, affording him no relief. **See** Pa.R.A.P. 903(a). Moreover, our analysis of Rule 1701(b)(2) shows that the trial court did have the jurisdiction to enter the September 27, 2011 and April 5, 2013 orders, which Husband now claims are void because he had filed a notice of appeal with the Montgomery County Clerk of Courts. Therefore, the Montgomery County Clerk of Courts' failure to comply with Rule 905(b) had no effect on Husband's rights or the

outcome of the case. Accordingly, we now quash the August 15, 2011 appeal as untimely.

We emphasize that we do not intend for this decision to serve as a means for a Clerk of Courts to *sua sponte* dismiss untimely notices of appeal. Rule 905(b) mandates that Clerks, upon the filing of a notice of appeal, "immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal[.]" Pa.R.A.P. 905(b). Moreover, our Supreme Court has stated:

> [T]o afford the clerk of courts a broad discretionary power to reject defective notices of appeal or to otherwise enforce the rules of appellate procedure would be inconsistent with the nature of the office of the clerk of courts. As this Court has recognized, the powers wielded by the clerk of courts, like those of the prothonotary, are purely ministerial in nature.

***Commonwealth v. Williams***, ___ A.3d ___, 2014 WL 3672870 at *4 (Pa. 2014). It is the unique factual scenario present in this case that allows us to overcome the Clerk of Courts' failure to comply with Rule 905(b). Accordingly, Husband is not entitled to any relief.

Finally, on August 4, 2014, Husband filed a motion for reconsideration of the order this Court entered on July 14, 2014 denying his motion to strike a defective and void order wherein he complains about the orders discussed above. As we have determined, the trial court was well within its authority to issue these orders. Therefore, we deny the motion for reconsideration.

The Order of April 5, 2013 is affirmed. Motion for reconsideration denied. August 15, 2011 appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2014