J-S66034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JUAN JOHNSON, | : | |
| | : | |
| Appellant | : | No. 803 WDA 2015 |

Appeal from the PCRA Order Entered May 8, 2015
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001512-2011

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 22, 2015**

Justin Juan Johnson (Appellant) appeals from the order entered on May 8, 2015, which granted in part and denied in part his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm in part and vacate in part.

Following convictions for attempted criminal homicide, aggravated assault, and aggravated assault with a deadly weapon, Appellant was sentenced to an aggregate term of 20 to 40 years of imprisonment.  This Court affirmed Appellant's judgment of sentence on July 17, 2013. ***Commonwealth v. Johnson***, 82 A.3d 1069 (Pa. Super. 2013) (unpublished memorandum).  Although Appellant requested that his counsel file a petition for allowance of appeal to our Supreme Court, counsel failed to do so.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant *pro se* timely filed a PCRA petition seeking restoration of his right to file post-sentence motions and a direct appeal *nunc pro tunc*. After numerous substitutions of counsel and continuances, counsel filed an amended petition on February 17, 2015. Therein, Appellant incorporated his *pro se* petition by reference, and also sought a new trial based upon multiple allegations of ineffective assistance of trial counsel.

Following a hearing, the PCRA court entered an order reinstating Appellant's direct appeal rights in the form of allowing him to file a petition for allowance of appeal *nunc pro tunc* to the Supreme Court of Pennsylvania and dismissing "[a]ll other requests for relief" stated in the original and amended PCRA petitions. Order, 5/11/2015, at 2. Notably, the court did not inform Appellant as to the deadline for filing his petition for allowance of appeal *nunc pro tunc*. Additionally, in the opinion the PCRA court authored in support of its order, the court, *inter alia*, rejected Appellant's requests for a new trial based upon his claims of ineffective assistance of counsel, relying upon the reasons stated in its opinion authored for Appellant's first appeal to this Court. PCRA Court Opinion, 7/16/2015, at 5-6.

Appellant timely filed a notice of appeal and, following a court order, a statement of errors complained of on appeal. In both filings, Appellant claimed that the PCRA court erred in failing to reinstate his direct appeal rights as to issues prior counsel failed to raise in his brief to this Court. Concise Statement of Errors, 5/26/2015; Appellant's Brief at 10.

The Commonwealth did not appeal the PCRA court's order,[1] and Appellant has not rejected the PCRA court's allowing him to file a *nunc pro tunc* petition in our Supreme Court. To the contrary, Appellant states that he has appealed the portion of the order denying his remaining claims "prior to filing his appeal to the Pennsylvania Supreme Court, unless this Honorable Court directs him otherwise." Statement of Jurisdiction, 8/11/2015. This Court now directs him otherwise.

With his original direct appeal rights reinstated, Appellant's judgment of sentence is not final, and all additional PCRA claims are premature. **See Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) ("Inasmuch as Appellant's direct appeal is still pending…, it is patently clear that this PCRA petition is premature."); **Commonwealth v. Kubis**, 808 A.2d 196, 198 (Pa. Super. 2002) ("Appellant filed a premature PCRA petition … while his direct appeal was still pending. The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final.").

Indeed, when the PCRA court determined that Appellant was entitled to file *nunc pro tunc* a petition for allowance of appeal to our Supreme Court, it should have refrained from addressing the merits of Appellant's remaining claims, as Appellant is unable to appeal the disposition of those PCRA claims at this time. **Commonwealth v. Miller**, 868 A.2d 578, 580 (Pa. Super.

---

[1] The Commonwealth has not even filed a brief in this Court.

2005) ("Because the PCRA court granted Appellant reinstatement of his appellate rights *nunc pro tunc*, its consideration of Appellant's additional issue did not result in a disposition Appellant could appeal."). At this juncture Appellant must exhaust his direct appeal rights prior to litigating any other PCRA claims.

Therefore, we affirm that portion of the PCRA court's order that granted Appellant leave to file *nunc pro tunc* a petition for allowance of appeal to our Supreme Court, and vacate that portion of the order that disposed of Appellant's remaining PCRA claims. Appellant has 30 days from the date of this memorandum to file, *nunc pro tunc*, a petition for allowance of appeal to our Supreme Court.[2] Upon the conclusion of Appellant's original direct appeal, Appellant may exercise his rights under the PCRA to attack collaterally that final judgment of sentence.

Order affirmed in part and vacated in part. Jurisdiction relinquished.

---

[2] As we noted above, the order restoring Appellant's right to file a direct appeal did not indicate that Appellant had to file a petition of allowance of appeal within 30 days of the court's order to initiate a timely-filed direct appeal *nunc pro tunc*. Had the PCRA court instructed Appellant to file the *nunc pro tunc* petition within 30 days of the court's order, our decision to allow Appellant to pursue his petition for allowance of appeal, at least arguably, would not be available to this Court. **See Commonwealth v. Wright**, 846 A.2d 730, 734-35 (Pa. Super. 2004) (explaining that an appellant must file a notice of appeal within 30 days of the order granting the reinstatement of direct appeal rights *nunc pro tunc* but further observing that the order granting those rights must inform the appellant that he or she has to file the notice of appeal within 30 days).

J-S66034-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015