J-S53009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JONES | : | |
| | : | |
| Appellant | : | No. 2512 EDA 2018 |

Appeal from the Order Entered October 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001100-2016

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

JUDGMENT ORDER BY OLSON, J.: **FILED NOVEMBER 13, 2019**

Appellant, Marcus Jones, appeals *pro se* from the order entered on October 9, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because Appellant filed his PCRA petition prematurely while his direct appeal from the underlying judgment of sentence was pending, we lack jurisdiction to consider the appeal and are constrained to quash it.

On August 21, 2017, following a bench trial, the trial court convicted Appellant of attempted murder, aggravated assault, robbery, and theft by unlawful taking.[1] On August 21, 2017, the trial court sentenced Appellant to 13 to 26 years of imprisonment for attempted murder, with a 10-year consecutive term of probation for robbery. The convictions for aggravated

---

[1] 18 Pa.C.S.A. §§ 2502/901, 2702(a)(1), 3701(a)(1)(i), and 3921(a), respectively.

assault and theft by unlawful taking merged for sentencing purposes. Subsequently, upon Appellant's request, the trial court allowed counsel to withdraw. Appellant filed a *pro se* notice of appeal, challenging his judgment of sentence, on August 31, 2017.[2]

Thereafter, prior to the resolution of Appellant's direct appeal, Appellant filed a *pro se* PCRA petition on April 10, 2018. The PCRA court denied relief by order dated July 17, 2018. On August 10, 2018, Appellant filed the instant *pro se* appeal that was docketed with this Court at 2512 EDA 2018.

We cannot reach the merits of Appellant's claims because, as discussed below, the PCRA court lacked jurisdiction to entertain Appellant's *pro se* PCRA petition while his direct appeal remained pending before this Court.[3] This Court has stated that "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." ***Commonwealth v. Leslie***, 757 A.2d 984, 985 (Pa. Super. 2000) (emphasis in original; citation omitted); ***see also*** 42 Pa.C.S.A. § 9545(b) (stating that a PCRA petition "shall be filed within one year of the date the judgment becomes final" and "a judgment of sentence becomes final at the conclusion of direct review[.]"). When a direct appeal is still pending, a PCRA petition is premature and an appeal taken from the denial of collateral relief is subject to quashal. ***Commonwealth v. Seay***, 814 A.2d 1240, 1241 (Pa. Super. 2003)

---

[2] Appellant's direct appeal was docketed with this Court at 3020 EDA 2017.

[3] "We may raise jurisdictional issues *sua sponte*." ***Commonwealth v. Culsoir***, 209 A.3d 433, 435 (Pa. Super. 2019).

("Inasmuch as Appellant's direct appeal is still pending […], it is patently clear that this PCRA petition is premature, and we must quash it."); **see also Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015) ("When a PCRA court lacks jurisdiction to consider the merits of a [PCRA] petition, we likewise lack jurisdiction to consider an appeal from the disposition of the petition."). Accordingly, we quash this appeal because this Court lacks jurisdiction to consider an appeal from the dismissal of Appellant's prematurely filed PCRA petition.

Appeal quashed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 11/13/2019*