J-S68038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEONARD SHUGARS | : | |
| | : | |
| Appellant | : | No. 1110 WDA 2019 |

Appeal from the PCRA Order Entered June 21, 2019
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000563-2002

BEFORE:   GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED JANUARY 22, 2020**

Appellant, Leonard Shugars, appeals *pro se* from the order entered in the McKean County Court of Common Pleas, which denied his *pro se* petition brought under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 12, 2003, Appellant entered a guilty plea to one count of aggravated indecent assault of a person younger than 13.  The court sentenced Appellant on August 26, 2004, to 4 to 8 years' incarceration.  The court also adjudicated Appellant a sexually violent predator ("SVP") and required him to register as a sex offender for life under Megan's Law II.  While post-sentence motions were pending, Appellant filed a *pro se* PCRA petition on November 15, 2004.  On January 17, 2005, the court dismissed Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

November 15th filing as premature. Subsequently, this Court affirmed the judgment of sentence on March 24, 2006.

On June 13, 2019, Appellant filed *pro se* the current PCRA petition. The PCRA court deemed the petition Appellant's second PCRA petition and did not appoint counsel. The court denied PCRA relief without a hearing on June 21, 2019.[1] On July 19, 2019, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant on July 25, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

Preliminarily, a PCRA petition filed during the pendency of a direct appeal is premature, and the court lacks jurisdiction to review it. ***Commonwealth v. Seay***, 814 A.2d 1240, 1241 (Pa.Super. 2003) (reiterating PCRA cannot be invoked until judgment of sentence is final; petition filed during pendency of direct appeal does not constitute first PCRA petition). Additionally, "[p]ursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate

_____

[1] Notice of the court's intent to dismiss a PCRA petition without a hearing under Rule 907 is mandatory. ***Commonwealth v. Guthrie***, 749 A.2d 502 (Pa.Super. 2000). Nevertheless, the failure to challenge on appeal the absence of Rule 907 notice constitutes waiver. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013). Additionally, where a PCRA petition is untimely, the court's failure to issue Rule 907 notice is not reversible error. ***Id.*** Here, the court dismissed Appellant's PCRA petition without a hearing but did not issue Rule 907 notice. Based on our disposition, however, we decline to address the court's non-compliance with Rule 907.

process." ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*). ***See also*** Pa.R.Crim.P. 904(C) (stating indigent defendant is entitled to counsel for litigation of first PCRA petition). "The denial of PCRA relief [on a first petition] cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, **even where the petition appears untimely on its face**." ***Id.*** (emphasis added).

Instantly, Appellant filed a *pro se* PCRA petition on November 15, 2004, while post-sentence motions were pending in the trial court. The court denied Appellant's petition as premature on January 17, 2005. On March 24, 2006, this Court affirmed the judgment of sentence. Subsequently, Appellant filed *pro se* the current PCRA petition on June 13, 2019. The PCRA court did not appoint counsel and, on June 21, 2019, it dismissed the petition as an untimely second PCRA petition. Because Appellant's November 2004 filing was premature it did not constitute a "first PCRA petition." ***See Seay, supra***. Thus, Appellant's current PCRA petition is actually his first relative to the judgment of sentence. The record confirms Appellant is indigent and requested appointment of counsel for the present petition. Therefore, Appellant was entitled to appointment of counsel. ***See*** Pa.R.Crim.P. 904(C); ***Robinson, supra***; ***Perez, supra***. Accordingly, we vacate the order denying PCRA relief and remand for appointment of counsel and further proceedings.

- 3 -

*See Commonwealth v. Kutnyak*, 781 A.2d 1259 (Pa.Super. 2001) (vacating order denying PCRA relief and remanding for appointment of counsel and further proceedings, where court failed to appoint counsel for first PCRA petition).

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2020