J-S40021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD HEWLETT | : | |
| | : | |
| Appellant | : | No. 164 EDA 2020 |

Appeal from the PCRA Order Entered December 6, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000583-2015

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED DECEMBER 23, 2020**

Appellant, Richard Hewlett, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition under the Post Conviction Relief Act ("PCRA").[1]   After careful review, we are constrained to quash this appeal.

The relevant facts and procedural history of this case are as follows.  On September 4, 2015, a jury convicted Appellant of aggravated assault and carrying a firearm without a license.  That same day, at a bench trial, the court found Appellant guilty on a related count of persons not to possess firearms.  On November 6, 2015, the court sentenced Appellant to an aggregate term of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

thirteen and one-half (13½) to twenty-seven (27) years' imprisonment. This Court affirmed the judgment of sentence on June 5, 2018. ***See Commonwealth v. Hewlett***, 189 A.3d 1004 (Pa.Super. 2018), *appeal denied*, 649 Pa. 641, 197 A.3d 1176 (2018).

On June 20, 2018, direct appeal counsel timely filed a petition for allowance of appeal on Appellant's behalf. While the petition remained pending with our Supreme Court, and despite having counsel of record, Appellant filed a *pro se* PCRA petition on June 22, 2018.[2] The PCRA court appointed current counsel ("PCRA counsel") and continued the matter. On August 17, 2018, the court continued the matter once more. The corresponding docket entry for the continuance noted, "[Appellant] has an outstanding *allocatur* petition. Relisted for status 11/30/18[.]" (Court of Common Pleas Docket Entry, 8/17/18).

On November 20, 2018, our Supreme Court denied Appellant's petition for allowance of appeal. Thereafter, Appellant proceeded to litigate his PCRA petition. The Commonwealth filed a motion to dismiss on September 20,

---

[2] The record does not indicate that the court forwarded Appellant's *pro se* filing to counsel of record. ***See*** Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits written motion, notice or document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time-stamped document to defendant's attorney and attorney for Commonwealth within 10 days of receipt).

2019.[3] On September 27, 2019, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to the Rule 907 notice, and the court dismissed his petition on December 6, 2019.

Appellant timely filed a notice of appeal on December 31, 2019.[4] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and none was filed.

Appellant now raises one issue for our review:

> Was trial counsel ineffective when he failed to appeal the issue regarding "abuse of discretion" as it relates to [Appellant's] sentence of 13½-27 years?

(Appellant's Brief at 5).

As a prefatory matter, we must consider whether the PCRA court had jurisdiction to address Appellant's claims. *See Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091 (2010) (reiterating that PCRA's time restrictions are jurisdictional in nature). "[T]here is no generalized equitable exception to the jurisdictional … time bar pertaining to post-conviction petitions."

---

[3] The Commonwealth's motion indicated PCRA counsel filed an amended petition on Appellant's behalf on June 19, 2019. (*See* Motion to Dismiss, filed 9/20/19, at 6). Significantly, the amended petition does not appear in the certified record, and the filing is not memorialized on the PCRA court's docket.

[4] The notice of appeal contained a typographical error regarding the date of entry for the order denying PCRA relief. (*See* Notice of Appeal, filed 12/31/19).

- 3 -

*Commonwealth v. Harris*, 972 A.2d 1196, 1200 (Pa.Super. 2009) (quoting *Commonwealth v. Brown*, 596 Pa. 354, 360, 943 A.2d 264, 267 (2008)).

"A petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute." Pa.R.Crim.P. 901(A). *See also* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). "A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." *Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa.Super. 2000) (emphasis in original).

"The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final." *Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa.Super. 2002), *appeal denied*, 572 Pa. 700, 813 A.2d 839 (2002). *See also Commonwealth v. Seay*, 814 A.2d 1240 (Pa.Super. 2003) (confirming that PCRA petition is premature if filed while direct appeal remains pending). "If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." *Commonwealth v. Williams*, 215 A.3d 1019, 1023 (Pa.Super. 2019).

Instantly, Appellant's judgment of sentence became final on or about February 18, 2019, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal. **See** U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety (90) days after entry of judgment by state court of last resort). Appellant filed the current PCRA petition on June 22, 2018, during the pendency of his direct appeal. Because Appellant filed the petition before his judgment of sentence was final, the PCRA court lacked authority to consider it and should have dismissed it without prejudice. **See Albrecht, supra**; **Williams, supra**. Accordingly, we are constrained to quash this appeal.[5] **See Seay, supra** at 1241 (concluding Superior Court was required to quash appeal from denial of PCRA relief, because PCRA petition was premature).

Appeal quashed. Jurisdiction relinquished.

---

[5] Because the PCRA has no applicability until the judgment of sentence becomes final, this Court has determined that a "premature petition does not constitute a first PCRA petition." **Kubis, supra** at 198 n.4. Therefore, Appellant still has the opportunity to file a first, counseled (albeit facially untimely) PCRA petition, as the current record does not demonstrate that counsel properly filed an amended petition. **See id. See also Commonwealth v. Ramos**, 14 A.3d 894, 896 (Pa.Super. 2011) (holding first-time petitioner for post-conviction review whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable).

- 5 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/23/2020*