J-S12027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC THEADY BANKS | : | |
| | : | |
| Appellant | : | No. 1477 MDA 2022 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001361-2018

BEFORE: KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED SEPTEMBER 15, 2023**

Eric Theady Banks (Appellant) appeals from the order entered in the York County Court of Common Pleas denying his first petition filed under the Post Conviction Relief Act (PCRA),[1] seeking relief from his convictions of firearms not to be carried without a license, persons not to possess a firearm, and simple assault.[2] On appeal, he argues trial counsel was ineffective for failing to: (1) withdraw from the matter due to their prior representation of a potential Commonwealth witness; and (2) further question or strike a juror who indicated they knew two of the Commonwealth's witnesses. Because we conclude the PCRA court had no jurisdiction to consider Appellant's petition

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 6106(a)(1), 6105(a), and 2701(a)(3), respectively.

before his judgment of sentence became final, we are constrained to quash this appeal.

We glean the underlying facts and procedural history of this case from a prior memorandum of this Court:

> The events [leading to Appellant's convictions] occurred at a private residence [ ] at approximately 10:30 p.m. on November 18, 2017. A sizable group of family and friends had gathered at [a] residence due to the family receiving news that an aunt had been diagnosed with terminal cancer.
>
> Between 10:30 p.m. and 11:00 p.m., Appellant arrived at the residence and began to argue with his then girlfriend[ ]. At this point the victim, [L.T.], told Appellant to leave because there were several children present. In response, Appellant opened his coat and flashed [L.T.] a gun under the coat. He did this three or four times. [L.T.] testified that she was not initially afraid because Appellant was known to her from a previous relationship years earlier. However, when the children ran toward the scene, she realized the potential danger of the situation and immediately began to fear an imminent threat Appellant posed to her and her family. At that point the women of the household, including [the then girlfriend and L.T.], managed to get [Appellant] to leave the house. Shortly thereafter, multiple people reported hearing gunshots immediately after Appellant left the house and before he drove away. Three shell casings were found on the ground approximately one block away from the residence.

***Commonwealth v. Banks***, 200 MDA 2020 (unpub. memo. at 1-2) (Pa. Super. Dec. 29, 2020) (citation omitted & paragraph break added). Appellant was charged with one count each of firearms not to be carried without a license, persons not to possess a firearm, simple assault, and reckless endangerment of another person (REAP).[3]

---

[3] 18 Pa.C.S. § 2705.

On November 7, 2018, the case proceeded to a jury trial[, where Appellant was represented by Clarence E. Allen, Esquire]. At the close of evidence, the parties stipulated that Appellant did not have a concealed carry permit and was not permitted to carry a firearm. On November 8, 2018, the jury found Appellant guilty of simple assault, persons not to possess firearms and carrying a firearm without a license. The jury acquitted Appellant of reckless endangerment.

*Banks*, 200 MDA 2020 (unpub. memo at 2).

On December 20, 2018, before sentencing, Attorney Allen was permitted to withdraw as Appellant's counsel.[4] Order, 12/20/18, at 1. That same day, the trial court appointed new counsel, Thomas Korey Leslie, Esquire (Appeal Counsel). *Id.* at 2.

On January 30, 2019, the trial court imposed the following consecutive sentences: (1) for persons not to possess firearms, eight to 16 years' incarceration; (2) for carrying firearms without a license, three and one half to seven years' incarceration; and (3) for simple assault, one to two years' incarceration. Appellant filed a post-sentence motion, which was denied by the trial court on March 28, 2019.

On April 1, 2019, Appellant filed a timely direct appeal. On November 14, 2019, the appeal was dismissed when Appeal Counsel failed to file a brief. *See* Order, 518 MDA 2019, 11/14/19. Appellant then filed a *pro se* PCRA petition requesting reinstatement of his direct appeal rights *nunc pro tunc*, which was granted on December 30, 2019. Appellant then filed a timely, *nunc*

_____

[4] It is not apparent from the record when Attorney Allen filed his motion to withdraw as counsel.

*pro tunc* direct appeal, raising claims regarding sufficiency of the evidence, merger of sentences, and the discretionary aspects of his sentence. **See Banks**, 200 MDA 2020 (unpub. memo. at 2-3).

On December 29, 2020, this Court affirmed his judgment of sentence. **See Banks**, 200 MDA 2020 (unpub. memo. at 12). Thereafter, on January 28, 2021, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court. While that petition was still pending, Appellant filed the present PCRA petition *pro se* on March 23, 2021, and the PCRA court promptly appointed Tessa M. Meyers, Esquire (PCRA Counsel) as counsel.[5] Roughly three months later, the Pennsylvania Supreme Court denied Appellant's petition on July 7, 2021. **Commonwealth v. Banks**, 44 MAL 2021 (Pa. Jul. 7, 2021). Attorney Myers filed an amended petition on October 1, 2021, and the PCRA court scheduled a hearing for October 18th.

On October 15, 2021, the Commonwealth filed a motion to dismiss the petition, alleging PCRA Counsel failed to include a witness certification in the petition. **See** Commonwealth's Motion to Dismiss [Appellant's] Petition for Post-Conviction Relief, 10/15/21, at 2. On the date of the scheduled PCRA hearing, October 18th, PCRA Counsel filed a second amended petition with a witness certification for Attorney Allen. **See** Appellant's Amended Petition for Relief Under the Post Conviction Collateral Relief Act, 10/18/21. That same day, at the truncated hearing, the Commonwealth insisted the witness

---

[5] **See** Order, 6/23/21, at 1 (unpaginated).

certification was still insufficient; but, rather than dismissing the petition, the PCRA court continued the evidentiary hearing, and directed PCRA Counsel to submit a sufficient witness certification. *See* Order, 10/18/21, at 4-6. PCRA Counsel complied with the court's directive on November 29, 2021, and the court conducted two evidentiary hearings on April 28 and June 16, 2022.

After taking the matter under advisement, on September 16, 2022, the PCRA court entered an order and opinion denying Appellant's petition.[6] PCRA Ct. Op., 9/16/22, at 28. This timely appeal followed.[7]

Appellant raises the following issues for our review:

I.      Whether the court erred in denying Appellant's PCRA petition when the court determined that [Attorney Allen] was not ineffective for failing to withdraw as counsel due to a conflict of interest when [Attorney Allen] was still counsel of record for a witness of the Commonwealth at the same time as his representation of [Appellant]?

II.     Whether the court erred in denying Appellant's PCRA petition when the court determined that [Attorney Allen] was not ineffective for failing to further question and strike a juror for personal bias when the juror admitted to knowing two of the Commonwealth witnesses?

Appellant's Brief at 4 (some capitalization omitted).

The standard by which we review PCRA petitions is well settled:

---

[6] Although a separate order does not appear in the certified record, the criminal docket reflects the PCRA court denied Appellant's petition on September 16, 2022.

[7] Appellant complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 5 -

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted).

In each of Appellant's claims, he avers Attorney Allen was ineffective. First, Appellant argues Attorney Allen did not withdraw from representation despite having an actual conflict of interest. Appellant's Brief at 8. He maintains that, as of the date of trial, Attorney Allen remained counsel of record for one of the Commonwealth's witnesses in an "open" custody matter and "had a close relationship" with her family. ***Id.*** at 9-12. Appellant insists Attorney Allen "deprived" him of cross-examining the witness "by stipulating [she] was unavailable in an effort to avoid his own conflict of interest."[8] ***Id.*** at 12.

In his second argument, Appellant avers Attorney Allen was ineffective when he failed to further question a juror regarding their ability to be impartial after they admitted to knowing two Commonwealth witnesses — the witness

_____

[8] We note that while Appellant insists an actual conflict existed, he also concedes in his argument that Attorney Allen "avoided the 'actual conflict'" because the witness did not testify at trial, and thus Attorney Allen did not have to cross-examine her. ***See*** Appellant's Brief at 11.

counsel had represented and her cousin. Appellant's Brief at 14-16. He insists that Attorney Allen's stated basis for this conduct — that she was the only African American juror in the jury pool and thus, would be more sympathetic to Appellant — was not reasonable, nor can it be considered "a strategic decision." *See id.* at 16-17.

Prior to addressing the merits of Appellant's claims, however, we must determine whether we have jurisdiction to review the matter. We are guided by the following:

> "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]"
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. § 9545(b)(1). "[**A**] **judgment becomes final at the conclusion of direct review, including discretionary review** in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). . . .

*Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (emphasis added & some citations omitted).

Upon our review, we conclude Appellant's PCRA petition was filed **prematurely**. Appellant filed the present petition on March 23, 2021, roughly three months before the Pennsylvania Supreme Court denied his petition for *allocatur* on July 7th. The PCRA court acknowledged Appellant filed his petition early, but decided to "overlook this procedural irregularity[,]" "in the interests of justice and because [Appellant's] counseled amended petitions were filed **after** the Supreme Court's denial of review[.]" PCRA Ct. Op. at 7 (emphasis

in original). However, the PCRA court had no authority to make these determinations. At the time Appellant filed this petition, his direct appeal was pending in the Pennsylvania Supreme Court, and, therefore, his judgment of sentence was not yet final.

This Court's decision in **Commonwealth v. Smith**, 244 A.3d 13 (Pa. Super. 2020), is dispositive. In that case, similar to here, this Court affirmed the defendant's judgment of sentence on direct appeal, and the defendant filed a petition for allowance of appeal with the Pennsylvania Supreme Court. **Smith**, 244 A.3d at 15. Before the Supreme Court disposed of his filing, the defendant submitted a *pro se* PCRA petition. **Id.** The PCRA court appointed counsel, and after this appointment, the Pennsylvania Supreme Court denied *allocatur*. Counsel then filed a **Turner**/**Finley**[9] no merit letter. **Id.** The PCRA court denied the defendant's PCRA petition and granted counsel's motion to withdraw. **Id.**

On appeal, a panel of this Court concluded the PCRA court did not have jurisdiction to "hold" the prematurely filed petition and then address it **after** the Pennsylvania Supreme Court disposed of the matter. **Smith**, 244 A.3d at 16. Specifically, the **Smith** Court opined:

> It is well-settled that "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." Indeed, "[t]he PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of

---

[9] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

sentence becomes final." Furthermore, this Court has explained: "If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted." [**See**] **Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (concluding appellate court was required to quash appeal from denial of PCRA relief when petitioner's direct appeal was still pending because properly filed notice of direct appeal was never received by Superior Court prothonotary).

**Id.** at 16-17. (emphasis in original & some citations omitted).

In the present case, the PCRA court held Appellant's prematurely filed PCRA petition while his petition for *allocatur* was still pending in the Pennsylvania Supreme Court. Pursuant to **Smith**, the PCRA court should have dismissed Appellant's PCRA petition without prejudice so that he could file it at the appropriate time — after the Supreme Court denied allowance of appeal. **See Smith**, 422 A.3d at 16-17. Here, the PCRA court decided to overlook this "procedural irregularity" and ignore the PCRA's jurisdictional restraints. **See** PCRA Ct. Op. at 7. After reviewing the relevant statutory and case law, we have found no support for the court's actions. **See** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter."); **see also Smith**, 422 A.3d at 16-17. While some limited exceptions to this rule exist, we determine none are applicable here. **See** Pa.R.A.P. 1701(b)(1)-(6). Thus, the PCRA

court should have dismissed Appellant's petition without prejudice as it was filed prematurely.[10]  ***See Smith***, 244 A.3d at 16-17.

Accordingly, because the PCRA court had no jurisdiction to consider Appellant's prematurely filed PCRA petition, we are constrained to quash this appeal.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/15/2023

_____

[10] We note that during the pendency of the present appeal, more than a year has passed from the date Appellant's judgment of sentence became final. Therefore, Appellant is no longer eligible to file a timely PCRA petition.  ***See*** 42 Pa.C.S. § 9545(b)(1).  His relief, if any, is to petition the PCRA court for leave to file a PCRA petition *nunc pro tunc*.  We express no opinion as to whether such a petition should be granted.  ***See Commonwealth v. Neisser***, 1968 EDA 2019 (unpub. memo. at 6 n.8) (Pa. Super. Feb. 7, 2020) (recognizing the only recourse for defendant who filed premature PCRA petition when filing deadline had expired was to request permission to file a *nunc pro tunc* petition in the PCRA court).  ***See also*** Pa.R.A.P. 126(b) (this Court may cite to and rely on unpublished, non-precedential decisions of this Court filed after May 1, 2019, for persuasive value).