J-S02007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHARLES TALBERT | : | |
| Appellant | : | No. 2004 EDA 2023 |

Appeal from the PCRA Order Entered July 19, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008348-2018

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED FEBRUARY 12, 2025**

Charles Talbert appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying as premature his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed a brief pursuant to **Turner/Finley**[1] and an application to withdraw. Upon review, we quash the appeal and grant counsel's motion to withdraw.

On October 9, 2019, a jury convicted Talbert of possession of an instrument of crime and recklessly endangering another person. On December 18, 2019, the trial court sentenced him to an aggregate term of 41 to 84 months' incarceration. Following numerous procedural irregularities not

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

relevant here, on August 10, 2022, Talbert filed a notice of appeal, *nunc pro tunc*, of his judgment of sentence. On March 6, 2023, while his direct appeal was pending, Talbert filed a "Motion for Reconsideration," which the court treated as a PCRA petition. Because Talbert's direct appeal was still pending, on July 19, 2023, the PCRA court dismissed Talbert's petition as premature. Talbert filed a timely *pro se* notice of appeal. On April 12, 2024, this Court issued an order directing the PCRA court to determine Talbert's eligibility for court-appointed counsel. The PCRA court subsequently appointed counsel, who filed a no-merit brief and application to withdraw with this Court. On October 25, 2024, Talbert filed a *pro se* response to counsel's no-merit brief, in which he raises one issue.

Prior to addressing the merits of Talbert's appellate claim, we must determine whether the PCRA court possessed jurisdiction to consider Talbert's submission. Subject to exceptions not relevant here, a petition under the PCRA must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3).

Here, Talbert's March 6, 2023 submission was filed before his judgment of sentence became final on July 1, 2024.[2]  Accordingly, his *pro se* PCRA petition was premature.  **See Commonwealth v. Smith**, 244 A.3d 13, 17 (Pa. Super. 2020) (PCRA petition filed before judgment of sentence becomes final is a premature petition); **see also Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) ("The PCRA provides petitioners with a means of collateral review but has no applicability until the judgment of sentence becomes final.").  A premature PCRA petition, and the order denying it, are both considered legal nullities.  **See Commonwealth v. Smith**, 244 A.3d 13, 17 (Pa. Super. 2020).  Accordingly, we are constrained to quash the appeal.  **Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (appeal from dismissal of premature PCRA petition must be quashed).

Appeal quashed.  Application to withdraw as counsel granted.

_____

[2] This Court affirmed Talbert's judgment of sentence on September 6, 2023. Our Supreme Court denied Talbert's petition for allowance of appeal on April 2, 2024 and he did not seek review in the United States Supreme Court. Accordingly, Talbert's judgment of sentence became final 90 days later, on July 1, 2024.  **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in U.S. Supreme Court and Supreme Court of Pennsylvania, or at expiration of time for seeking such review"); U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari timely when filed within 90 days after entry of state court order denying discretionary review).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2025