J-S69034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS EDWARD NEISSER JR. | : | |
| | : | |
| Appellant | : | No. 1968 EDA 2019 |

Appeal from the PCRA Order Entered June 10, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006288-2016

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **Filed: February 7, 2020**

Appellant, Francis Edward Neisser, Jr., *pro se*, appeals from the order entered June 10, 2019, that denied his petition filed under the Post Conviction Relief Act ("PCRA").[1]  As Appellant filed his PCRA petition prior to the finality of his judgment of sentence, the petition was a legal nullity.  The PCRA court's order from which this appeal is taken is, likewise, a legal nullity.[2]  Accordingly, after careful review, we quash this appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] For simplicity, we refer to the lower court as "the PCRA court," although, for reasons discussed within this memorandum, we do not accept that Appellant's August 2017 petition should have been considered a first PCRA petition.

On April 19, 2017, Appellant pleaded guilty to two counts each of burglary, conspiracy to commit burglary, criminal trespass, theft by unlawful taking, receiving stolen property, possession of instruments of crime, and criminal mischief.[3] He was immediately sentenced to four to ten years of confinement for one count of burglary and to ten years of probation for the second count of burglary, to be served concurrently; he received no further penalty on the remaining counts.

On April 26, 2017, Appellant filed a motion for reconsideration of sentence, which the trial court granted. On July 7, 2017, Appellant was resentenced to 36 months of probation for the second burglary count, to be served consecutively to his sentence of confinement.[4] On August 2, 2017, Appellant *pro se* filed a PCRA petition.

On August 14, 2017, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition. On February 1, 2018, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 21, 2018, PCRA counsel filed a motion to allow Appellant to

---

[3] 18 Pa.C.S. §§ 3502(a)(4), 903, 3505(a)(1)(ii), 3921(a), 3925(a), 907(a), and 3304(a)(2), respectively.

[4] His sentence of four to ten years of confinement for the first burglary count remained unchanged.

represent himself. Following a *Grazier*[5] hearing on November 16, 2018, the PCRA court granted counsel's motion to withdraw and permitted Appellant to proceed *pro se*. On June 10, 2019, the PCRA court held an evidentiary hearing and denied Appellant's PCRA petition.

On July 3, 2019, Appellant filed this timely appeal. Appellant filed his statement of errors complained of on appeal on July 18, 2019.[6]

Before addressing the merits of Appellant's issues, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 56 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement). It is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)).

Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1).

> [I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition **commences** upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA.

---

[5] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[6] The trial court entered its opinion on September 5, 2019.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (emphasis added) (quoting *Brown*, 943 A.2d at 268), *appeal denied*, 216 A.3d 1044 (Pa. 2019). In other words, a "PCRA petition may **only** be filed after an appellant has *waived* or exhausted his direct appeal rights" – *i.e.*, after the judgment of sentence has become final. *Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) (*per curiam*) (bold emphasis in original; italicized emphasis added); *accord Commonwealth v. Williams*, 215 A.3d 1019, 1022-23 (Pa. Super. 2019); *see also Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability **until** the judgment of sentence becomes **final**." (emphasis added)). A "premature petition" filed before the judgment of sentence becomes final "does not constitute a first PCRA petition." *Kubis*, 808 A.2d at 198 n.4.

"For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, **or at the expiration of time for seeking the review**." 42 Pa.C.S. § 9545(b)(3) (emphasis added).

An appellant has "30 days after the entry of the order from which the appeal is taken[,]" including a judgment of sentence, to file an appeal. Pa.R.A.P. 903(a). Thus, when no direct appeal has been filed, a judgment of sentence cannot become final until thirty days after sentencing.

In the current action, Appellant filed a timely motion for reconsideration of sentence and was resentenced on July 7, 2017. He filed his *pro se* PCRA petition 26 days later, on August 2, 2017, prior to his judgment of sentence becoming final, prior to the expiration of the time period to file a direct appeal, and prior to the commencement of the one-year period allowed for filing a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); *Ballance*, 203 A.3d at 1031; *see also* Comment to Pa.R.Crim.P. 901 ("petition for post-conviction relief . . . is not intended to be a substitute for or a limitation on the availability of appeal or a post-sentence motion."). Ergo, his PCRA petition was premature.

Case law is clear that a premature PCRA petition must be quashed. *Commonwealth v. Seay*, 814 A.2d 1240, 1241 (Pa. Super. 2003) (a premature PCRA petition must be quashed); *see Kubis*, 808 A.2d at 198 n.4 (when PCRA petition was filed while direct appeal was still pending, that first petition cannot constitute a PCRA petition); *cf*. *Brown*, 943 A.2d at 267 ("no generalized equitable exception to the jurisdictional [PCRA] time bar"); *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) ("a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute."). "Where there is no jurisdiction, there is no authority to pronounce judgment." *Commonwealth v. Martinez*, 141 A.3d 485, 490–91 (Pa. Super. 2016) (citation omitted).

Appellant filed his PCRA petition prior to the finality of his judgment of sentence. Since there are no exceptions to the PCRA's time requirements,

Appellant's premature filing was a legal nullity, and the PCRA court lacked authority to consider it and should have dismissed it without prejudice towards Appellant's right to file a PCRA petition once the time for him to file a direct appeal had expired. *See Williams*, 215 A.3d at 1023; *Leslie*, 757 A.2d at 985-86 (where defendant had filed a *pro se* PCRA petition shortly before he filed a direct appeal to this Court, "the trial court should have dismissed the PCRA petition without prejudice as premature"); *see also* 42 Pa.C.S. § 9545(b)(3).[7] We are thereby constrained to quash this appeal.[8]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/20

_____

[7] Moreover, at the time Appellant filed his *pro se* petition, his trial counsel was still attached to his case. *Pro se* filings submitted by counseled defendants are generally also treated as legal nullities, because a defendant is not permitted to file his or her own pleadings while still represented by counsel, as hybrid representation is not permitted in Pennsylvania. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010).

[8] We recognize that during the pendency of this appeal, a year has passed from the date the judgment became final, and as such, Appellant no longer has time to file a timely PCRA petition. However, he may request leave from the trial court to file a PCRA petition *nunc pro tunc*; we express no opinion as to whether such petition should be granted.