J-S03013-24
J-S03014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DUNHAM | : | |
| | : | |
| Appellant | : | No. 1174 MDA 2023 |

Appeal from the PCRA Order Entered July 20, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004060-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PETER DUNHAM | : | |
| | : | |
| Appellant | : | No. 1175 MDA 2023 |

Appeal from the PCRA Order Entered July 20, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004342-2021

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: APRIL 4, 2024**

Appellant, Michael Dunham, appeals from the orders entered on July 20, 2023, dismissing his petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel for Appellant, Brandy G. Hoke, Esquire (Attorney Hoke), has filed appellate briefs and motions to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988);

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*). We *sua sponte* consolidate the two matters,[1] affirm the orders denying PCRA relief, and grant Attorney Hoke's motions to withdraw.

We briefly set forth the facts and procedural history of this case as follows. On December 8, 2022, Appellant entered into a negotiated plea agreement with the Commonwealth wherein Appellant agreed to plead guilty to three offenses in two distinct criminal matters. More specifically, at docket number CP-67-CR-4342-2021, Appellant pled guilty to possession with intent to deliver a controlled substance (cocaine).[2] At docket number CP-67-CR-4060-2021, Appellant pled guilty to persons not to possess a firearm and driving while operating license suspended.[3] The parties agreed to an aggregate term of six to 12 years of imprisonment, with 507 days' credit for time-served; the trial court accepted the plea agreement and sentenced Appellant accordingly on the same day. *See* N.T., 12/8/2022, at 4, 11-12.

Appellant did not file post-sentence motions or a direct appeal. Instead, on December 21, 2022, Appellant filed a *pro se* PCRA petition at both dockets. On January 13, 2023, the trial court appointed Attorney Hoke to represent

---

[1] As discussed below, Appellant simultaneously pled guilty to offenses at two separate criminal dockets originating from two distinct criminal informations. Because the appeals involve the same legal question, however, we consolidate them *sua sponte* and have changed the caption accordingly. *See* Pa.R.A.P. 513 (consolidation of multiple appeals). We also note Appellant's appellate briefs are identical and our citations encompass both.

[2] 35 P.S. 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6105(a)(1) and 75 Pa.C.S.A. § 1543(b)(1)(iii), respectively.

J-S03013-24
J-S03014-24

Appellant. Attorney Hoke subsequently filed an amended PCRA petition at both dockets.[4] On July 20, 2023, following an evidentiary hearing, the trial court denied relief. These timely appeals resulted.[5]

_____

[4] Since Appellant did not file a post-sentence motion or a direct appeal, his judgment of sentence did not become final until January 9, 2023, or 30 days after his sentence was imposed at the plea hearing and the time to appeal had expired. **See** 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (stating that "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."); 1 Pa.C.S.A. § 1908 (when the last day in the relevant period of time falls on a Saturday or Sunday, such days are omitted from computation). Because Appellant's December 21, 2022 submission was filed before his judgment of sentence became final, his *pro se* PCRA petition was premature. **See Commonwealth v. Smith**, 244 A.3d 13, 17 (Pa. Super. 2020) (PCRA petition filed before judgment of sentence becomes final is a premature petition); **see also Commonwealth v. Neisser**, 2020 WL 603614, *2 (Pa. Super. 2020) (unpublished memorandum) (putative PCRA petition was premature where filing date was 26 days after resentencing and, therefore, before judgment of sentence became final, before expiration of time to file direct appeal, and before actual commencement of one-year PCRA limitations period). In prior cases, we have said that a premature PCRA petition constitutes a legal nullity, that the PCRA court lacks authority to consider such a filing, and that a premature submission should be dismissed without prejudice towards a petitioner's right to refile once the judgment of sentence becomes final. **See Commonwealth v. Williams**, 215 A.3d 1019, 1023 (Pa. Super. 2019); **Commonwealth v. Leslie**, 757 A.2d at 985-986 (where petitioner filed *pro se* PCRA petition shortly before he filed a direct appeal to this Court, "the trial court should have dismissed the PCRA petition without prejudice as premature"); **see also Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) ("The PCRA provides petitioners with a means of collateral review but has no applicability until the judgment of sentence becomes final."). Appeals from orders disposing of premature PCRA petitions are subject to quashal. **See Neisser**, 2020 WL 603614, at *2;

*(Footnote Continued Next Page)*

- 3 -

On October 31, 2023, Attorney Hoke filed petitions seeking to withdraw from representation of Appellant with this Court. Preliminarily, we must address Attorney Hoke's motions to withdraw as counsel before addressing the merits of the claims in this consolidated appeal. **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted). As we have explained:

---

**Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (appeal from dismissal of premature PCRA petition must be quashed).

Attorney Hoke filed a counseled PCRA petition on Appellant's behalf after January 9, 2023, when the time for filing a direct appeal had expired and the PCRA's one-year filing period had commenced. We shall treat this counseled PCRA petition as a timely, non-premature filing which vested the PCRA court with jurisdiction to undertake collateral review. **See Neisser**, 2020 WL 603614, at *3 (PCRA petition may only be filed after judgment of sentence becomes final and premature submissions should be dismissed without prejudice to resubmission once the PCRA's one-year filing period has commenced).

[5] On August 18, 2023, Attorney Hoke filed two, timely notices of appeal with corresponding concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). While each notice of appeal listed both trial court docket numbers, there was an identifying mark next to the specific docket number as filed in each case. We have found that such actions comply with our Supreme Court's requirements to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket as set forth in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*) (even though Johnson filed multiple notices of appeal, each listing multiple lower court docket numbers, the appeals were not quashed because Johnosn filed an appropriate number of appeals, had italicized only one trial court docket in each appeal, and it was clear the clerk of courts did not play a role in typing separate notices). Here, we conclude that Attorney Hoke filed proper notices of appeal herein. Thereafter, on September 20, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**, **supra** and **Finley**, **supra** and] ... must review the case zealously. **Turner**/**Finley** counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.** at 454 (case citation omitted; brackets in original).

Here, Attorney Hoke has satisfied all of the aforementioned procedural requirements.[6] Thus, having concluded that counsel's petition to withdraw is compliant with **Turner**/**Finley**, we may undertake our own review of these consolidated matters.

Attorney Hoke's **Turner**/**Finley** brief presents the following for our consideration:

    I.    Whether the [t]rial [c]ourt erred as a matter of law and/or abused its discretion in denying [Appellant's] request for post-conviction relief?

---

[6] We note that Appellant has not responded.

II.     Whether the evidence presented at the evidentiary hearing
        was sufficient to support the [t]rial [c]ourt's denial of
        [Appellant's PCRA petition]?

III.    Whether the [t]rial [c]ourt's denial of [Appellant's PCRA
        petition] was against the weight of the evidence presented
        at the evidentiary hearing?

Appellant's Brief at 5 and 7 (numerals supplied).[7]

Appellant argues that trial counsel was ineffective in negotiating his plea agreement with the Commonwealth. Appellant claims that he received a proposed agreement to plead guilty to the aforementioned crimes in exchange for an aggregate term of five to ten years of imprisonment; Appellant further claims that he instructed counsel to accept the offer on Appellant's behalf. N.T., 7/20/2023, at 15. Appellant asserts that, instead, trial counsel

_____

[7]   As noted in the Rule 1925(a) opinion:

      In [Appellant's] second and third issues, it is alleged that there
      was insufficient evidence presented at the evidentiary hearing to
      support the court's denial of [Appellant's post-sentence motion
      and that the court's denial of [Appellant's] post-sentence motion
      was against the weight of the evidence presented at the
      evidentiary hearing. Importantly, there was no post-sentence
      motion filed in this case.

                    *          *          *

      While the issue[s] raised herein [were] not properly presented,
      [the] court [was] under the impression that, instead of 'post-
      sentence' motion, [Appellant] intended to find errors in the denial
      of his [PCRA] petition.

PCRA Court Opinion, 9/20/2023, at 6. We agree with that assessment and note that on appeal, Attorney Hoke made the same error in presenting the issues to this Court. As such, we have corrected the issues as presented above accordingly. Moreover, because the issues are inter-related, we will examine them together.

- 6 -

unilaterally requested a continuance to negotiate a better deal. *Id.* at 16. As a result, the Commonwealth revoked the initial offer and offered a new plea agreement wherein Appellant pled guilty in exchange for an aggregate term of six to 12 years of imprisonment. *Id.* at 10. Appellant contends that he was prepared to plead guilty to the first agreement, but trial counsel requested a continuance and, therefore, was ineffective for failing to secure the prior deal. *Id.* at 18-19. Appellant argues that the PCRA court wrongly dismissed his claim that plea counsel was ineffective since its decision was based upon insufficient evidence and/or was against the weight of the evidence presented at the PCRA evidentiary hearing. Appellant's *Turner*/*Finley* Brief at 7-10.

Proper appellate review of a PCRA court's denial of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

"It is well-established that counsel is presumed effective[.]" ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). To plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). "In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued[. R]ather, we must examine whether counsel's decision[ ] had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). A petitioner establishes prejudice when he or she demonstrates "that there is a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009). "Generally, a plea of guilty amounts to a waiver of all defects and defense except those concerning the jurisdiction of the court, the legality of sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

Here, the PCRA court determined that trial counsel had a reasonable basis for rejecting the prior guilty plea agreement of five to 10 years of

imprisonment and requesting a continuance instead. PCRA Opinion, 9/20/2023, at 5. More specifically, the PCRA court opined:

> Based [up]on the evidence presented at the PCRA hearing, it is clear that [trial counsel] had a reasonable basis for choosing to continue the August 2022 pre-trial conference date. [Appellant] indicated to [trial counsel] that he wanted better than a five-to-ten-year plea offer. While [trial counsel] had effectively warned [Appellant] of the chances of his plea offer being revoked and that a five-to-ten[-year] offer was likely the best offer available, it was still a possibility that the offer could get better, as they often do. It [was] clear to [the PCRA court] that [trial counsel] acted reasonably in his choice to continue a hearing based on [Appellant's] desire to get a better deal. While it is apparent that [Appellant] received a longer sentence than was originally offered, that longer sentence was not caused by any action or inaction on the part of [trial counsel]. It was the result of a knowing and intelligent strategy, to which [Appellant] agreed, risking a longer sentence with the hope of a better offer. Effectively, [Appellant] rolled the dice and got a worse deal. Therefore, the actions of [trial counsel] do not constitute ineffective assistance of counsel.

PCRA Court Opinion, 9/20/2023, at 5.

Based upon our standard of review and our review of the certified record, we agree with the PCRA court's decision. Trial counsel testified that "at some point" the Commonwealth offered Appellant a guilty plea agreement of "five to 10 years" of imprisonment. N.T., 7/20/2023, at 5. Trial counsel and Appellant discussed the agreement "for a very, very long time [but Appellant] was adamant about trying to do" better and "wanted [trial counsel] to get [a deal] along the lines of two to three years" of imprisonment. *Id.* Counsel testified that he told Appellant that "anything around the five-year mark was a gift" based upon Appellant's prior criminal record. *Id.* at 5-6; *see*

*also id.* at 7-8 ("This was an amazing global offer, but [Appellant] insisted that [trial counsel] try to do better despite the fact that [Appellant] had [narcotics and firearm convictions] in the past, and he kept arguing [] that [his] past shouldn't be used against [him] and [counsel] kept telling him from the very, very, very beginning that it [would] definitely be used against him, and that's what ended up hurting him in the end."). "[B]ecause the [District Attorney's] Office had turnover[,]" trial counsel testified that the original offer was not accepted and a final plea offer of six to 12 years of imprisonment was subsequently made. *Id.* at 6. Trial counsel testified that he asked Appellant repeatedly to take the original plea offer, but counsel's "biggest fear did come true" when the Commonwealth then offered a plea agreement with a longer sentence, and that Appellant was "[his] own worst enemy here." *Id.* at 9.

The PCRA court found trial counsel testified credibly and that he had a reasonable strategy in negotiating for a better plea agreement at Appellant's request. We will not disturb those determinations. Moreover, we conclude that the evidence presented at the evidentiary hearing was sufficient and the PCRA court's decision was not against the weight of the evidence. Therefore, because trial counsel had a reasonable strategy in negotiating Appellant's guilty plea agreement, Appellant received effective trial representation. Finally, after our independent examination of the record, we find no additional meritorious issues worthy of appellate review. Accordingly, we grant Attorney Hoke's petitions to withdraw and affirm the orders entered on July 20, 2023 denying PCRA relief.

- 10 -

Petitions to withdraw granted.  Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/04/2024