J-S16024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :
             v.                            :
                                          :
                                          :
EVAN DAVIS                              :
                                          :
            Appellant            :     No. 542 EDA 2023

Appeal from the PCRA Order Entered January 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005486-2013

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                       **FILED JULY 2, 2024**

Evan Davis ("Davis") appeals *pro se* from the order dismissing his third

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We conclude that, because Davis filed the instant PCRA petition while the

appeal of his second PCRA petition was still pending, the instant petition was

a legal nullity.  Accordingly, we quash the appeal.

Given our disposition, a detailed factual recitation is unnecessary.

Briefly, in 2016, after a jury convicted Davis of third-degree murder and

related charges, the trial court imposed an aggregate sentence of twenty to

forty years of imprisonment.  This Court affirmed the judgment of sentence,

and our Supreme Court denied allowance of appeal on February 14, 2018.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*See Commonwealth v. Davis*, 178 A.3d 139 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 181 A.3d 1079 (Pa. 2018).

In 2018, Davis filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Ultimately, the PCRA court permitted PCRA counsel to withdraw and dismissed the petition. This Court affirmed the dismissal order. **See Commonwealth v. Davis**, 240 A.3d 21 (Pa. Super. 2020).

In 2020, Davis filed a second *pro se* PCRA petition, which the PCRA court dismissed without a hearing. This Court affirmed the dismissal order on March 28, 2022. **See Commonwealth v. Davis**, 276 A.3d 260 (Pa. Super. 2022) (unpublished memorandum). Davis had thirty days, or until April 27, 2022, to file a petition for allowance of appeal in our Supreme Court. **See** Pa.R.A.P. 1113(a).

Davis did not file such a petition. Instead, on April 9, 2022,[2] prior to the expiration of the thirty-day appeal period provided by Rule 1113(a), he filed the instant *pro se* PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on the basis that it was untimely

---

[2] Although the PCRA court received Davis' petition in October 2022, it deemed the petition filed on April 9, 2022, due to the "prisoner mailbox" rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that under the prisoner mailbox rule, an appeal is deemed to be filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox").

and did not meet any exception to the PCRA's one-year time bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Davis did not file a response, and on January 26, 2023, the PCRA court entered an order dismissing the petition. Davis timely filed a notice of appeal.

Prior to reviewing the merits of Davis' issues, we must preliminarily determine whether his filing presented a viable PCRA petition. As our Supreme Court has explained, "when an appellant's PCRA appeal is pending before a court, a **subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition** by the highest state court in which review is sought, **or upon the expiration of the time for seeking such review**." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (emphasis added); **see also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (reaffirming that **Lark** "precludes consideration of a subsequent PCRA petition from the time a PCRA order is appealed until no further review of that order is possible").

Thus, upon the denial of a PCRA petition, the petitioner must choose either to appeal from the order denying the PCRA petition or to file a new PCRA petition. **See Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). The petitioner cannot do both, *i.e.*, file an appeal from the denial order and also file a new PCRA petition. **Id**. This is because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Id**. Accordingly, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw

the appeal before he can pursue a subsequent PCRA petition. ***Id***. If the petitioner pursues an appeal of the denial order, then the PCRA court is required under ***Lark*** to dismiss any subsequent PCRA petition filed while that appeal is pending. ***See Lark***, 746 A.2d at 588; ***see also Commonwealth v. Jones***, 309 A.3d 1028 (Pa. Super. 2023) (unpublished memorandum at *3-4).[3]

In the instant matter, Davis elected to appeal from the order denying his second PCRA petition. Accordingly, he could not file a subsequent PCRA petition until the time for seeking further appellate review of that order had expired, or his appeal was withdrawn. ***See Lark***, 746 A.2d at 588; ***see also Zeigler***, 148 A.3d at 852. Because Davis did not withdraw his appeal, and he filed the instant PCRA petition within the thirty-day period for filing a petition for allowance of appeal in our Supreme Court following this Court's March 28, 2022 decision affirming the dismissal of his second PCRA petition, the instant petition was prematurely filed and, hence, a legal nullity. ***See Lark***, 746 A.2d at 588; ***see also Commonwealth v. Belle***, 289 A.3d 82 (Pa. Super. 2022) (unpublished memorandum at *4) (stating PCRA filings advanced in violation of ***Lark*** are legal nullities), *appeal denied*, 304 A.3d 328 (Pa. 2023); ***Commonwealth v. Neisser***, 227 A.3d 395 (Pa. Super. 2020) (unpublished memorandum at **5-6) (same).

---

[3] ***See*** Pa.R.A.P. 126(b)(1)-(2) (providing that Superior Court non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

We further conclude that, because the instant petition was a legal nullity, the PCRA court lacked authority to rule on it. *See Belle*, 289 A.3d 82 (unpublished memorandum at *4); *see also Neisser*, 227 A.3d 395 (unpublished memorandum at **5-6). Accordingly, we are constrained to quash the appeal. *See Commonwealth v. Seay*, 814 A.2d 1240, 1241 (Pa. Super. 2003) (holding that "[w]here a PCRA petition is premature, we quash an appeal taken from a ruling on it").

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024