J-S24038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID FRANK STAHL | : | |
| | : | |
| Appellant | : | No. 1370 WDA 2023 |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001233-2012

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: SEPTEMBER 24, 2024**

Appellant, David Frank Stahl, appeals *pro se* from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Upon review of the record, we conclude the instant petition filed with the PCRA court was a legal nullity, as the appeal of Appellant's previous petition was still pending. Accordingly, we quash.

Our disposition obviates the need for a detailed recitation of facts. On June 27, 2014, a jury convicted Appellant of first-degree murder for strangling his wife to death. On the same day, the trial court sentenced him to a mandatory life sentence without the possibility of parole. Following the completion of sentencing and post-sentence matters, Appellant filed a timely

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

direct appeal. On November 29, 2016, this Court affirmed judgment of sentence. *Commonwealth v. Stahl*, 159 A.3d 601 (Pa. Super. 2016) (unpublished memorandum). Appellant timely filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 31, 2017. *Commonwealth v. Stahl*, 169 A.3d 554 (Pa. 2017).

On August 9, 2017, Appellant filed a petition with the trial court that the court considered to be his first PCRA petition. After the appointment of counsel and a hearing on the petition, the PCRA court entered an order denying relief on December 6, 2018. Appellant appealed, and we affirmed. *See Commonwealth v. Stahl*, 222 A.3d 818 (Pa. Super. 2019) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 13, 2000. *Commonwealth v. Stahl*, 233 A.3d 678 (Pa. 2020).

On July 22, 2020, Appellant filed his second PCRA petition in which he asserted ineffective assistance of PCRA counsel. The PCRA court appointed counsel, who eventually filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). After providing notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 for untimeliness and, in the alternative, lack of merit, the PCRA court entered its order of November 17, 2021, dismissing Appellant's second petition without a hearing and granting PCRA counsel's motion to withdraw. Appellant filed a timely appeal to this Court, which filed an opinion on February 7, 2023,

affirming the PCRA court's order based on Appellant's failure to demonstrate the applicability of any exception to the statutory time-bar. ***Commonwealth v. Stahl***, 292 A.3d 1130 (Pa. Super. 2023).

Nine days later, on February 16, 2023, and while still within the 30-day period in which to file a petition for allowance of appeal ("PAA") from this Court's appellate decision on his second PCRA petition, Appellant filed the instant PCRA petition, his third, in which he challenges the PCRA court's order denying his motion to compel release of trial and PCRA counsels' files.[2] The PCRA court denied relief on November 3, 2023, and Appellant filed the present *pro se* appeal on November 20, 2023.

Prior to reviewing the merits of Appellant's issue raised on appeal, we must consider whether the present PCRA petition is viable given pertinent jurisprudence of both this Court and our Supreme Court. Our Supreme Court has explained, "when an appellant's PCRA appeal is pending before a court, a ***subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition*** by the highest state court in which review is sought, ***or upon the expiration of the time for seeking such review***."

---

[2] Appellant's filing was titled, "Pro Se Motion to Compel Release of Trial and PCRA Counsel's Files," which the PCRA court properly construed as a serial PCRA petition. ***See*** 42 Pa.C.S.A. § 9542 ("The [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose."); ***Commonwealth v. Henderson***, 260 A.3d 104 (Pa. Super. 2021) (non-precedential decision) (treating the defendant's motion to compel production of documents in his case as a PCRA petition).

*Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (emphasis added); *see also Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (reaffirming that *Lark* "precludes consideration of a subsequent PCRA petition from the time a PCRA order is appealed until no further review of that order is possible").

A panel of this Court recently addressed the very scenario before us, that is, one where a PCRA petitioner elects to appeal the PCRA court's order denying their petition, receives the intermediate appellate court's decision affirming the order, and files a new serial PCRA petition before the expiration of time for seeking review of the intermediate appellate decision through the filing of a PAA. In *Commonwealth v. Davis*, No. 542 EDA 2023, 2024 WL 3273374, at *1–2 (Pa. Super. filed July 2, 2024)[3], a non-precedential decision that we find persuasive, the relevant facts were that the PCRA court entered an order dismissing petitioner Davis' second *pro se* PCRA petition. Davis appealed to this Court, and we affirmed by memorandum decision on March 28, 2022. Within the thirty-day period in which to file a PAA with the Pennsylvania Supreme Court, Davis filed a new serial *pro se* petition, his third, with the PCRA court.

Because Davis had elected to appeal the PCRA court's dismissal of his second PCRA petition, we observed that he could not file his third PCRA

---

[3] This Court may cite its non-precedential memoranda filed after May 1, 2019, for persuasive value. *See* Pa.R.A.P. 126(b).

petition until the time for seeking further appellate review of the order

dismissing his second petition had expired:

> As our Supreme Court has explained, "when an appellant's PCRA appeal is pending before a court, a **subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition** by the highest state court in which review is sought, **or upon the expiration of the time for seeking such review**." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (emphasis added); **see also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (reaffirming that **Lark** "precludes consideration of a subsequent PCRA petition from the time a PCRA order is appealed until no further review of that order is possible").
>
> Thus, upon the denial of a PCRA petition, the petitioner must choose either to appeal from the order denying the PCRA petition or to file a new PCRA petition. **See Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). The petitioner cannot do both, *i.e.*, file an appeal from the denial order and also file a new PCRA petition. **Id**.
>
> . . .
>
> In the instant matter, Davis elected to appeal from the order denying his second PCRA petition. Accordingly, he could not file a subsequent PCRA petition until the time for seeking further appellate review of that order had expired, or his appeal was withdrawn. **See Lark**, 746 A.2d at 588; **see also Zeigler**, 148 A.3d at 852. Because Davis did not withdraw his appeal, and he filed the instant PCRA petition within the thirty-day period for filing a petition for allowance of appeal in our Supreme Court following this Court's March 28, 2022, decision affirming the dismissal of his second PCRA petition, the instant petition was prematurely filed and, hence, a legal nullity. **See Lark**, 746 A.2d at 588; **see also Commonwealth v. Belle**, 289 A.3d 82 (Pa. Super. 2022) (unpublished memorandum at *4) (stating PCRA filings advanced in violation of **Lark** are legal nullities), *appeal denied*, 304 A.3d 328 (Pa. 2023); **Commonwealth v. Neisser**, 227 A.3d 395 (Pa. Super. 2020) (unpublished memorandum at **5-6) (same).
> We further conclude that, because the instant petition was a legal nullity, the PCRA court lacked authority to rule on it. **See Belle**,

289 A.3d 82 (unpublished memorandum at *4); ***see also
Neisser***, 227 A.3d 395 (unpublished memorandum at **5-6).
Accordingly, we are constrained to quash the appeal. ***See
Commonwealth v. Seay***, 814 A.2d 1240, 1241 (Pa. Super.
2003) (holding that "[w]here a PCRA petition is premature, we
quash an appeal taken from a ruling on it").

***Davis***, ***supra*** at **1-2.

    ***Davis***, which appropriately applies controlling jurisprudence in ***Lark*** and

***Montgomery***, is on all fours with the facts of the instant case.  Accordingly,

we conclude that Appellant's instant serial PCRA petition was a legal nullity,

such that the PCRA court lacked authority to rule on it.  Accordingly, we quash

the present appeal

    Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/24/2024

- 6 -